TALCOTT *v.* FREEDMAN.

1. SALES—ORDER—ACCEPTANCE—CONTRACT—BREACH.
    When an order for goods is accepted unconditionally, there is a contract, for the breach of which an action will lie irrespective of correspondence subsequently had concerning the buyer's credit.

2. DEPOSITIONS—USE—GROUNDS.
    A deposition, the affidavit for taking which shows that the witness resides in New York city, may be used at the trial in Detroit without a showing that the cause of taking still exists. Section 10142, 3 Comp. Laws.

Error to Wayne; Donovan, J. Submitted February 7, 1905. (Docket No. 101.) Decided May 12, 1905.

Assumpsit by James Talcott against Louis Freedman, Ephraim M. Love, David R. Love, Harry Love, and Henry Rosenthal, copartners as Freedman, Love & Company, for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Reversed.

*Adolph Sloman* (*Edmund M. Sloman*, of counsel), for appellants.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

MOORE, C. J. The plaintiff resides in the city of New York, and is a dealer, among other things, in cloths. The defendants reside in the city of Detroit, and are manufacturers of young men's, boys', and children's pants. They had made some purchases of plaintiff prior to September 13, 1902, at which date they wrote him, asking him to send on some samples ranging in prices from 18 cents to 25 cents. The samples were sent by Snedeker and Orchard, having charge of that department, September 15, 1902. Attached to these samples were the prices asked for the goods. After examining the samples, the following letter was sent:

"DETROIT, MICH., Sept. 22nd, 1902.
"Mr. JAMES TALCOTT,
                "New York.
"*Dear Sir:* Enclosed we hand you an order for the following goods, sample pieces to be shipped at once and the balance Nov. delivery:
    "Meteor, 20 pieces each of 1329–1294–1246–1291, at 25c.
    ".Potomac, 25 pieces each of 3242–3217–3209–3224–3233, at 18c.
    "Ascots, 20 pieces each of 4301–4373–4317–4346–4348, at 21c.
                "Very truly yours,
                        "FREEDMAN, LOVE & CO."

In answer to this letter the following was received:

"Memorandum of Order.

"From Mess. Freedman, Love & Co.,
                              "Detroit, Mich.
              "To   James   Talcott.
"Philadelphia Goods, Woolens,
    "Worsteds and Cottons.

                              "New York, Sept. 27, 1902.

" Isaac Snedeker.
" Robt. R. Orchard.
" Terms below.
"This order is taken subject to strikes, failure of consignors and destruction by the elements.
"If this memorandum is not in accordance with your purchase, please return it at once for correction."

Then follows a list of the goods and prices, the same as contained in the letter of defendants, except that the price put on ascots was 22½ cents instead of 21 cents, and under the head of "Remarks" was:

"7/4 Jan. 1.
"Spc. at once.   Del. Nov.
"P. S.   Will not accept any cancellation on above order.   If you wish to make any corrections on same it must be done on receipt of this copy of order.   S. & O."

The witness states that the change from 21 cents to 22½ cents was assented to; that the memorandum, "7/4 Jan. 1," opposite each of these pieces of goods, means, in the trade, a trade discount of 7 per cent. off, and this bill would be due May 1, 1903; and that the memorandum, "Spc. at once.   Del. Nov.," means that sample pieces were to be shipped at once, and the body of the order in November.   On October 13th some goods were shipped, a still larger amount on October 31st, upwards of $240 worth the 5th of November, and upwards of $600 worth on the 4th of December, making a total of $1,172.88; and it is for this amount that this suit is brought.   The case was tried before a jury, but the circuit judge directed a verdict in favor of plaintiff, and the case is brought here by writ of error.

It is the claim of defendants that the order for 305 pieces sent in on the 22d of September was accepted by the memorandum of September 27th, followed by the shipment of 133 pieces of the goods ordered, and that the plaintiff failed to ship the balance of the order because the prices of the goods in the meantime had increased, and sought to recover damages for the failure to ship the goods. It is the claim of the plaintiff that the minds of the parties never met, and that no contract was made, and that the failure to ship the goods was because the order was for a larger amount than defendants were entitled to get credit for, and claimed that the following letters indicate that fact:

"[James Talcott's Letter Head.]

"NEW YORK, Nov. 22, 1902.

"Messrs. FREEDMAN, LOVE & CO.,

"Detroit, Mich.

"*Gentlemen:* We have your order in the aggregate amounting to $2,000 in our Snedeker & Orchard Department, and we would like to know what arrangement you wish to make in respect thereto, as the amount is considerably in excess of any line of credit which you have had with us heretofore. When you have taken inventory kindly send us a copy on the enclosed blank. Shall we ship goods up to say $1,000, and after that will you discount so that we can make deliveries on the balance?

"Yours truly,

"JAMES TALCOTT."

"[Freedman, Love & Co.'s Letter Head.]

"DETROIT, MICH., Nov. 26th, 1902.

"Mr. JAMES TALCOTT,

"New York.

"*Dear Sir:* Replying to yours of the 22nd inst., will say that we have not yet taken inventory, we generally take same between the holidays and then we can submit you a statement. In the meantime you can ship us a part of everything that we have bought from you. The reason that we have given you a much larger order than before is that we have left some one else out and given you the entire order on the kind of goods we wanted, as your goods suited us the best.

"Very truly yours,

"FREEDMAN, LOVE & CO."

"[James Talcott's Letter Head.]

"NEW YORK, Nov. 28, 1902.

" Messrs. FREEDMAN, LOVE & CO.,

"Detroit, Mich.

" *Gentlemen:* Your favor is duly received. We would like to know the reason for the delay in the payment of your bills due November 1st, and if you can send us a statement, tell us approximately what is the result of the 1902 business as far as you can see, and what arrangement you wish to make in respect to your order, or at least that proportion of it that is in excess of a reasonable line of credit. Please reply at once so that we can get your answer by Monday, and oblige,

"Yours truly,

"JAMES TALCOTT."

"[Freedman, Love & Co.'s Letter Head.]

"DETROIT, MICH., Dec. 2, 1902.

" Mr. JAMES TALCOTT,

"New York.

" *Dear Sir:* Replying to your letter of Nov. 28th, we would say that the cause of the delay of the balance that was due you on Nov. 1st, was because all of our merchandise became due on that day and collections at that time were very slow on account of the warm weather and merchants writing in for extensions in time. In regard to our business of 1902 we have done a fair business that fully came up to our expectations. We are now preparing to do a somewhat larger business in 1903, as we have now added Men's and Youths' pants to our line, and in regard about the amount we bought from you this was explained to you in a previous letter, as your goods suited us and we bought all that class of goods from you. Trusting that this explanation will be satisfactory to you, we beg to remain,

"Yours very truly,

"FREEDMAN, LOVE & CO." ·

It will be observed the order for the goods was sent September 22, 1902. The reply thereto is dated September 27th. It states the terms to be "7/4 Jan. 1," the meaning of which has already appeared. There is not a suggestion in it that plaintiff is not willing to fill the order, but, on the contrary, a postscript is added, stating that ·

plaintiff " will not accept any cancellation on above order," and stating further, in substance, that, if defendant desired to make any corrections, it must be done at once. The correction already indicated was at once made. October 13th a commencement was made toward shipping the goods, and other shipments followed as already stated. It was not until two months after the order was accepted that any suggestion was made about the size of the order or the question of credit. We think what was done amounted to a contract, for a breach of which damages might be recovered. *Webb* v. *Shirt Co.*, 101 Mich. 136; *F. W. Kavanaugh Manfg. Co.* v. *Rosen*, 132 Mich. 44; 1 Mechem on Sales, §§ 240–242.

Error is assigned upon the admission of depositions which had been taken of witnesses living in New York. The fact that they lived there was made to appear by the affidavit of the attorney, as the basis of taking the depositions. It is said it was not shown at the trial that the reasons still existed; citing *Emlaw* v. *Emlaw*, 20 Mich. 11, and an earlier case. Since those decisions the statute has been amended, and we think it was not error to admit the depositions. See 3 Comp. Laws, § 10142; *Patterson* v. *Railway Co.*, 54 Mich. 91.

Assignments of error in relation to the question of damages are argued. The judge ruled out all testimony of that character, because he was of the opinion no contract had been shown. It follows from what we have already said that he was in error in that respect. See *F. W. Kavanaugh Manfg. Co.* v. *Rosen*, supra.

Judgment reversed, and new trial ordered.

CARPENTER, MCALVAY, GRANT, and BLAIR, JJ., concurred.